IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Ray Garcia, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:10-cv-76 |
| vs. | ) | |
| | ) | |
| Wardon Redmann, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ray Garcia ("Garcia") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. #3). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). The court now considers the petition on initial review.

**Background**

On July 13, 2003, Garcia pled guilty to two counts of possession of drug paraphernalia. (Doc. #5), see also State v. Garcia, Case Nos. 36-3-K-349, 36-3-K-350. Garcia was sentenced to three years of imprisonment with all three years suspended, and three years of supervised probation. On March 31, 2004, Garcia's probation was revoked and he was sentenced to five years of incarceration with three and a half years suspended for five years in Case No. 36-3-K-349. (Doc. # 5-3). In Case No. 36-3-K-350, Garcia was sentenced to five years of incarceration with five years suspended from the date of release in Case No. 36-3-K-349. (Doc. #5-3). Upon release Garcia was again placed on supervised probation. On June 17, 2009, Garcia's probation was revoked a second time and he was sentenced to five years of incarceration in both of his cases to be served concurrently with credit for time served. (Doc. #5-1, Doc. #5-2). The state

district court entered an amended order revoking Garcia's probation on June 24, 2009. State v. Garcia, Case No. 36-3-K-349.

Garcia contends he is entitled to habeas relief because he was denied his 6th amendment trial rights in connection with the 2009 order revoking his probation. Garcia also contends the state district court did not have jurisdiction over him after his 2003 convictions, and the 2009 order revoking his probation constitutes double jeopardy.

## Statute of Limitations

Garcia's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. AEDPA provides that the one-year statute of limitations starts to run on the date when the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Garcia did not appeal from the amended order revoking his probation. Rule 4(b) of the North Dakota Rules of Appellate Procedure provides that a defendant has thirty days to file a notice of appeal after entry of the order being appealed. Garcia's amended order revoking his probation was entered on June 24, 2009. Thus, under 28 U.S.C. § 2244(d)(1)(a), Garcia's one-year clock started to tick for claims not appealed on July 24, 2009. Garcia filed this petition for habeas relief on August 20, 2010, 27 days after the period of limitations had expired, so Garcia's claims are barred from federal review.[1]

The court recognizes that, as a matter of equity, this court may toll the AEDPA's statute

---

[1] The court received an incomplete habeas petition from Garcia on August 6, 2010. Even if Garcia's incomplete habeas petition was deemed properly filed, which it was not, the period of limitations had already expired.

of limitations. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). Case law provides that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003)); see also Baker, 321 F.3d at 772 (stating that "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul"). Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition and Garcia has not demonstrated any justification for equitable tolling. Therefore, his federal habeas petition is time-barred. Even if Garcia had timely filed his habeas petition, the magistrate judge would nevertheless recommend that the petition be dismissed for failure to satisfy the exhaustion requirement. See 28 U.S.C. § 2254(b)(1). Accordingly, it is **RECOMMENDED** that:

1. Ray Garcia's petition for habeas relief (Doc. #3) **BE DISMISSED** with prejudice;

2. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued with respect to any of the issues raised by Ray Garcia in this action.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than September 27, 2010, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 10th day of September, 2010.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge